# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 18-1532V
(not to be published)

| | |
|---|---|
| WILLIAM C. CARTER,<br><br>               Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>               Respondent. | Chief Special Master Corcoran<br><br>Filed: May 19, 2022<br><br>Special Processing Unit (SPU); Attorney's Fees and Costs |

*Nancy Routh Meyers, Turning Point Litigation, Greensboro, NC,, for Petitioner.*

*Mallori Browne Openchowski, U.S. Department of Justice, Washington, DC, for Respondent.*

**DECISION ON ATTORNEY'S FEES AND COSTS[1]**

On October 3, 2018, William Carter filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that he suffered from Guillain-Barre syndrome as a result of receiving a flu vaccine on October 6, 2015. (Petition at 1). On September 30, 2022, a decision was issued awarding compensation to Petitioner based on the parties' stipulation. (ECF No. 58).

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Petitioner has now filed a motion for attorney's fees and costs, dated March 3, 2022 (ECF No. 63), requesting an award of $30,630.24 in fees and costs incurred by Turning Point Litigation, $10,014.97 in fees and costs incurred by Ward Black Law, and $3,000.00 in expert fees incurred by Cynthia Wilhelm, PhD. (ECF No. 63 at 1).[3] In accordance with General Order No. 9, Petitioner filed a signed statement indicating that he incurred no out-of-pocket expenses. (ECF No. 63-4 at 2). Respondent reacted to the motion on March 22, 2022, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded at the Court's discretion. (ECF No. 64). On March 23, 2022, Petitioner filed a reply requesting the Chief Special Master "exercise his discretion and determine a reasonable award for attorney's fees and costs."  (ECF No. 65).

On March 30, 2022, Petitioner filed an Amended Motion for Attorney Fees and Costs, requesting an increased rates for Nancy Meyers and her paralegals based on "the recently updated billing rates which were published in late March of 2022". (ECF No. 66). The amended motion increases the total of fees and costs incurred by Turning Point Litigation to $30,726.24. I have reviewed the billing records submitted with Petitioner's request. In my experience, the request appears reasonable, and I find no cause to reduce the requested hours or rates.

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. I award a total of **$43,741.21,** consisting of $30,726.24 in attorney fees and costs allocated to Turning Point Litigation; $10,014.97 in fees and costs allocated to Ward Black Law; and $3,000.00 allocated to Cynthia Wilhelm, PhD. This is to be paid as a lump sum in the form of a check jointly payable to Petitioner and Turning Point Litigation.

In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk shall enter judgment in accordance with this decision.[4]

**IT IS SO ORDERED.**

                                            **s/Brian H. Corcoran**
                                            Brian H. Corcoran
                                            Chief Special Master

---

[3] Petitioner requests the total amount awarded be made payable to Turning Point Litigation who will make payment to Ward Black Law and Cynthia Wilhelm. (ECF No. 63 at 2).

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.